INTERNATIONAL UNION OF OPERAT-
ING ENGINEERS, LOCAL 150,
AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 15055.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 7, 1959.

Decided Dec. 30, 1959.

Mr. Bernard M. Mamet, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Mr. J. Albert Woll, Washington, D. C., was on the brief, for petitioner. Mr. Robert C. Mayer, Washington, D. C., also entered an appearance for petitioner.

Miss Fannie M. Boyls, Atty., National Labor Relations Board, with whom Messrs. Thomas J. McDermott, Associate Gen. Counsel, National Labor Relations Board, and Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, were on the brief, for respondent.

Before PRETTYMAN, Chief Judge, and EDGERTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is a petition to review and set aside, and a cross-petition to enforce, a cease and desist order of the National Labor Relations Board dated February 12, 1959.

 The Board's conclusion that the Union violated the Act, 29 U.S.C.A. § 151 et seq., was based on a finding that the Union and the Fluor Company, Inc., "in effect, agreed, through the master mechanic, Press, as their agent, to engage in and did engage in a hiring arrangement requiring all applicants for employment to be referred exclusively by [the Union], with preference for union members." There is no substantial support in the record as a whole for this finding, or for the underlying finding that the Union's "working rules" which Fluor agreed to follow included a provision from the Constitution of the International that "Each member shall hire none but those in good standing with a Union * * *" There is no evidence that the Union's hiring arrangement with Fluor was exclusive. Furthermore, the Board erred in making its order cover any possible agreements between the Union and *any other employer*,[1] and in finding that the Union coerced Fluor's employees to join and should therefore refund their dues. The entire order will be set aside.

So ordered.

1. International Brotherhood of Teamsters, etc. v. National Labor Relations Board, 104 U.S.App.D.C. 359, 365, 262 F.2d 456, 462; National Labor Relations Board v. Local 926, International Union of Operating Engineers, 267 F.2d 418, 420 (5 Cir.). And see National Labor Relations Board v. F. H. McGraw & Co., 206 F.2d 635, 641 (6 Cir.).